UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BROOKE RILEY,
individually and on behalf of
all others similarly situated,

    Plaintiffs,                                  CASE NO. 17-CV-1361

    v.

KIRSAN ENGINEERING, INC.,

    Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Brooke Riley, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Kirsan Engineering, Inc. (hereinafter "Kirsan") at times since October 5, 2014. Kirsan has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Kirsan has denied Plaintiff Riley and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. Kirsan specializes in contract manufacturing and precision CNC machining services out of its principal office located in Pleasant Prairie, Wisconsin.

3. Plaintiff Brooke Riley brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Brooke Riley also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events or omissions giving rise to the claim occurred within the district and Defendant Kirsan has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Kirsan is a Wisconsin Corporation with a principal place of business located in Pleasant Prairie, Wisconsin. Kirsan's registered agent for service of process in the State of Wisconsin is J.P. Droppleman located in Pleasant Prairie, Wisconsin.

8. Plaintiff Brooke Riley is an adult resident of Kenosha County in the State of Wisconsin. Riley is a former employee of Kirsan who worked as an Accounting Clerk from on or around December 2015 until approximately August 18, 2017. Riley's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Riley brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Kirsan at its Pleasant Prairie, Wisconsin location and who were paid on an hourly basis at any time since October 5, 2014.

10. Plaintiff Riley brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by Kirsan at its Pleasant Prairie, Wisconsin location and who were paid on an hourly basis at any time since October 5, 2015.

## GENERAL ALLEGATIONS

11. Plaintiff Riley and the Collective Rounding Class work, or have worked, for Kirsan as hourly employees at times since October 5, 2014.

12. Plaintiff Riley and the Wisconsin Rounding Class work, or have worked, for Kirsan as hourly employees at Kirsan's Pleasant Prairie, Wisconsin location at times since October 5, 2015.

13. Kirsan specializes in contract manufacturing and precision CNC machining services at its facility in Pleasant Prairie, Wisconsin.

14. Since October 5, 2014, Plaintiff Riley, the Collective Rounding Class, and the Wisconsin Rounding Class have been paid on an hourly basis for their work at Kirsan's Pleasant Prairie, Wisconsin facility.

15. Since October 5, 2015, Kirsan, Plaintiff Riley, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be paid to Plaintiff Riley and the Wisconsin Rounding Class in exchange for their hours worked under forty in a workweek for Kirsan.

16. Since October 5, 2014, Kirsan has implemented a time clock rounding policy applicable to Plaintiff Riley, the Wisconsin Rounding Class, and the Collective Rounding Class where hourly employees' starts and end times for their shifts were rounded in fifteen minute increments.

17. Under Kirsan's time clock rounding policy, Kirsan rounded its employees start and end times to 15-minute intervals, but not to the nearest 15-

minute interval despite the fact that employees performed compensable work during the period of time which was rounded.

19. As an example, under Kirsan's impermissible time clock rounding policy, if an employee punched in 3:50 p.m., Kirsan would round up to 4:00 p.m.

19. Likewise, under Kirsan's impermissible time clock rounding policy, if an employee punched out at 3:10 p.m., Kirsan would round down to 3:00 p.m.

20. Since October 5, 2014, Kirsan has suffered or permitted Plaintiff Riley to regularly work more than forty hours during workweeks in which Kirsan applied its time clock rounding policy.

21. Since October 5, 2014, Kirsan has suffered or permitted the Collective Rounding Class and the Wisconsin Rounding Class to work more than forty hours during workweeks in which Kirsan applied its time clock rounding policy.

22. As a result of applying this time clock rounding policy, Kirsan improperly denied Plaintiff Riley, the Wisconsin Rounding Class, and the Collective Rounding Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since October 5, 2014.

23. Since October 5, 2014, Kirsan's application of its time clock rounding policy resulted in employees, including Plaintiff Riley, the Wisconsin Rounding Class and the Collective Rounding Class, being suffered or permitted to perform work for Kirsan without compensation at their agreed-upon hourly rates.

24. Kirsan's impermissible time clock rounding policy consistently operated to the disadvantage of Kirsan's employees.

25. On information and belief, Kirsan has not maintained complete and accurate time records for Plaintiff Riley, the Wisconsin Rounding Class, or the Collective Rounding Class since October 5, 2014.

26. Kirsan's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Riley, the Wisconsin Rounding Class, and the Collective Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27. Plaintiff Riley and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Kirsan's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Riley as stated herein are the same as those of the Collective Rounding Class.

28. Plaintiff Riley and the Collective Rounding Class seek relief on a collective basis challenging, among other FLSA violations, Kirsan's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29. The FLSA Section 216(b) Collective Rounding Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Kirsan. Notice can be provided to the Collective Rounding Class via first class mail to the

last address known to Kirsan and through posting at Kirsan's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

30. Plaintiff Riley brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after October 5, 2015 (the "Wisconsin Rounding Class Period").

31. The proposed Wisconsin Rounding Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Kirsan, upon information and belief, there are over 40 members in the Wisconsin Rounding Class.

32. Plaintiff Riley's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Kirsan and Kirsan benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Riley and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

33. Plaintiff Riley is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

34. There are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Kirsan's actions include, without limitation, the following:

a) Whether Kirsan's rounding policy violated Wisconsin's wage laws;

b) Whether Kirsan failed to maintain true and accurate records for all hours worked by Riley and the Wisconsin Rounding Class as required by Wisconsin Law;

c) Whether Kirsan failed to pay the Wisconsin Rounding Class for all work Kirsan suffered or permitted them to perform; and

d) The nature and extent of class-wide injury and the measure of damages for the injury.

35. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

36. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

37. Plaintiff Riley, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

38. Since October 5, 2014, Plaintiff Riley and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

39. Since October 5, 2014, Kirsan has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

40. Since October 5, 2014, Plaintiff Riley and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

41. Since October 5, 2014, Kirsan has been an employer of Plaintiff Riley and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

42. Since October 5, 2014, Kirsan has violated the FLSA by failing to pay overtime compensation due to Plaintiff Riley and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

43. Plaintiff Riley and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling

because Kirsan acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

44. Kirsan's failure to properly compensate Plaintiff Riley and the Collective Rounding Class and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Riley and the Collective Rounding Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that Kirsan did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Riley and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

46. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

47. Plaintiff Riley, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

48. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

49. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

50. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

51. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

52. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

53. Since October 5, 2015, Kirsan was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

54. Since October 5, 2015, Kirsan was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

55. Since October 5, 2015, Kirsan was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

56. Since October 5, 2015, Kirsan was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

57. Since October 5, 2015, Kirsan was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

58. Since October 5, 2015, Kirsan has employed, and/or continues to employ Plaintiff Riley and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

59. Since October 5, 2015, Kirsan has employed, and/or continues to employ Plaintiff Riley and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

60. Since October 5, 2015, Kirsan has employed, and/or continues to employ Plaintiff Riley and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

61. Since October 5, 2015, Kirsan has employed, and/or continues to employ Plaintiff Riley and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

62. Since October 5, 2015, Kirsan has employed, and/or continues to employ Plaintiff Riley and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

63. Since October 5, 2015, Plaintiff Riley and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

64. Since October 5, 2015, Kirsan had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully

failing to properly pay the Wisconsin Rounding Class minimum wages and agreed-upon wages for all hours worked.

65. Since October 5, 2015, Kirsan had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

66. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

67. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

68. As set forth above, Plaintiff Riley and the Rounding Class have sustained losses in their compensation as a proximate result of Kirsan's violations. Accordingly, Plaintiff Riley, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Kirsan to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

69. Under Wis. Stat. §109.11, Plaintiff Riley and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

70. Plaintiff Riley, individually and on behalf of the Wisconsin Rounding Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Kirsan, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Riley, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Brooke Riley as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Kirsan's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Kirsan violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Kirsan in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid

wages at the applicable minimum wage, agreed-upon wage, overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 5th day of October, 2017.

        Respectfully submitted,

        **HAWKS QUINDEL S.C.**
        Attorneys for Plaintiffs

    By: *s/ Summer H. Murshid*
        Larry A. Johnson, SBN 1056619
        Summer H. Murshid, SBN 1075404
        Timothy P. Maynard, SBN 1080953
        Hawks Quindel, S.C.
        222 East Erie Street, Suite 210
        PO Box 442
        Milwaukee, WI 53201-0442
        Telephone: 414-271-8650
        Fax: 414-271-8442
        Email:    ljohnson@hq-law.com
                      smurshid@hq-law.com
                      tmaynard@hq-law.com