## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Brooke Riley ("Riley"), both individually and on behalf of the putative 29 U.S.C. § 216(b) Collective Class members (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Kirsan Engineering, Inc. ("Kirsan").

## Recitals

WHEREAS, Riley alleges that Kirsan failed to properly pay her and other hourly employees as a result of the uniform practice of improperly rounding punches at the start and end of shifts, as recorded in the time clock, to decrease compensable work time for which Riley and other hourly employees were paid.

WHEREAS, Kirsan denies the allegations and denies liability.

WHEREAS, Kirsan has provided substantial data and information relevant to Riley's allegations to Riley's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties engaged in direct settlement negotiations. As a result of these negotiations, the Parties agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Riley, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Riley and negotiated with Kirsan at arm's length throughout this matter to ensure that Riley, the putative Collective Class and putative Rule 23 Class are properly compensated for time spent working for Kirsan from October 5, 2014 through October 5, 2017.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

**I.       General Terms of Settlement**

     A.   For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class").

     B.   For purposes of settlement only, the Parties agree to stipulate to a 29 U.S.C. 216(b) class as defined in Section IV.B, below (the "Collective Class").

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

C. In exchange for the Release of Claims and other promises contained herein, Kirsan will, in accordance with the manner and timing provided for in Sections III(A)–IV(H), below, make payments to Riley, the Collective Class, the Rule 23 Class, and Riley's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

D. Riley understands and acknowledges that, although Kirsan is entering into this Agreement and making the payments hereunder, Kirsan does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

II. **Release of Claims, Acknowledgments, and Agreement to Cooperate**

A. Riley's Release of Claims.

Riley hereby and forever completely releases and discharges Kirsan from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Riley and Kirsan based on any act or omission that occurred up to the date of her execution of this Agreement. Riley's release of claims against Kirsan, include but are not limited to: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), and/or for violations of Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) claims alleging violations of any state common law, including, but not limited to, claims for breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) claims alleging violations of any federal employment laws, including Title VII of the Civil Rights Act of 1964, as amended; Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); the Genetic Information Nondiscrimination Act; (the Americans with Disabilities Act, as amended; the Equal Pay Act; the National Labor Relations Act; and, the Employee Retirement Income Security Act of 1974; (4) claims for violations of any state or federal parental, family and medical leave acts; (5) claims for violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; and, (6) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

(express or implied) and/or any other tort or common law cause of action.

B.     Rule 23 Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Class members will release their Wisconsin law claims alleged in the Complaint for unpaid wages against Kirsan for the time period from October 5, 2015 through October 5, 2017, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274 and any state common law unpaid wage claims.

For purposes of this Agreement, the phrase "Rule 23 Class Member" shall refer to members of the Rule 23 class who do not timely exclude themselves in accordance with Section IV.E of this Agreement.

C.     Collective Class Members Release of Claims.

Upon final approval of this Settlement Agreement, all Collective Class Members who have filed their consent forms with the Court at any time prior to the date of the Fairness Hearing will release their FLSA claims alleged in the Complaint for unpaid wages against Kirsan for the time period from October 5, 2014 through October 5, 2017.

For purposes of this Agreement, the phrase "FLSA Collective Class Member" shall refer to members of the FLSA Collective Class who timely submit consent forms to join the FLSA Collective Class in accordance with Section IV.F of this Agreement.

D.     Additional Employers Released.

For purposes of the releases of claims described in Section II, A-C,, "Kirsan Engineering, Inc." or "Kirsan" shall include Kirsan Engineering, Inc., any parent company, divisions or affiliates thereof, and any and all of their shareholders, officers, directors, employees and/or agents, including ADP Totalsource, Inc., any insurance carrier or other source of potential recovery or liability for any claims or actions alleged in the Complaint.

E.     Acknowledgments and Agreement to Cooperate.

Riley acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of minimum wages, overtime compensation, liquidated damages, civil penalties, compensatory and punitive damages, and her legal fees and costs. Riley further agrees that this settlement represents fair and

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

reasonable compensation for any unpaid wages she may have accrued during her employment with Kirsan, inclusive of any claim for liquidated damages, and that Kirsan does not owe her any further compensation or any other amounts for work performed during her employment with Kirsan. Riley further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to her execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Riley agrees to direct her counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with Kirsan to seek judicial approval of this agreement, including preparation of court required pleadings.

### III. Settlement Payments

A.  Settlement Fund.

As consideration for the releases in Section II above, Kirsan shall pay $96,492.00 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, and an incentive payment to Riley. If the Settlement Agreement is not approved by the Court, Kirsan will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.  Allocation of the Settlement Fund.

1.  Incentive Payment - $2,500.00 of the Settlement Fund shall be allocated as an incentive payment to Riley in recognition of her for bringing this claim, her insistence that the matter be resolved on class-wide basis, and the assistance she provided Plaintiff's Counsel in bringing this matter to resolution. Kirsan will issue an IRS Form 1099 to Riley for this incentive payment.

2.  Attorneys' fees and costs - $32,164.00 of the Settlement Fund shall be allocated as attorneys' fees and costs. Plaintiff's Counsel will move the Court for an award of attorneys' fees and costs by April 11, 2018.

3.  Settlement Class Funds – The remaining portion of the Settlement Fund, $61,828.00 shall be allocated among two separate funds:

a. Wisconsin Settlement Fund – $30,914.00 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each Rule 23 Class Member shall receive $10.00 each plus their pro-rata share, if any, of the Rule 23 Settlement Fund as set forth in in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Kirsan will report the unpaid wages portion to each Rule 23 Class Member on an IRS Form W2. One-third shall be attributed to liquidated damages for which each Rule 23 Class Member will receive an IRS Form 1099 from Kirsan.

b. The FLSA Settlement Fund - $30,914.00 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opts into this matter shall receive $10.00 plus their pro-rata share, if any, of the FLSA Settlement Fund as set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Kirsan will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from Kirsan.

## IV. Settlement Approval Process.

A. Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following class:

> All persons who were employed by Kirsan Engineering, Inc. on an hourly basis between October 5, 2015 through October 5, 2017 whose names appear on Exhibit A.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

B. Stipulation to 29 U.S.C. §216(b) Collective Class Certification.

The Parties agree to stipulate to 29 U.S.C. §216(b) Collective Class Certification of the following class:

> All persons who were employed by Kirsan Engineering, Inc. on

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

an hourly basis between October 5, 2014 through October 5, 2017 whose names appear on Exhibit A.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

C. Preliminary Approval of Settlement.

The Parties will file with the Court, by February 23, 2018, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement and corresponding Exhibits will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief:

1. Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2. Certification of this case as a class action under FED.R.CIV.P. 23;

3. Certification of this case as a collective action under 29 U.S.C. §216(b);

4. Appointing Brooke Riley as a Class Representative;

5. Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

6. Authorizing the Notice to include a second opportunity for putative Collective Class members to file consents and assert their FLSA claims;

7. A finding that the Notice to be given constitutes the best notice practicable under the circumstances for distribution to all members of the Rule 23 Class and the FLSA Collective Class, including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full

6

Case 2:17-cv-01361-WED    Filed 02/23/18    Page 6 of 13    Document 19-1

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

8. Approving the Notice in the form of Exhibit B for distribution to all Collective and Class Members;

9. A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Preliminary Approval Order;

10. A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

11. A direction that each putative member of the FLSA Collective class who wishes to include their FLSA claims in this Action must submit the consent form attached to the Notice as Exhibit B ("the Consent form") to opt in to the Action consistent with, and by the deadline set forth in, the Notice;

12. The conducting of a Fairness Hearing on May 2, 2018 to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

13. A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs by April 11, 2018 and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

14. A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

D. Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Plaintiff's Counsel and Counsel for Kirsan.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

E. Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any member of the Rule 23 class who submits a timely request for exclusion shall not be entitled to any payment under this Agreement and shall not be bound by the release set in Section II.B. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

F. Consent to Joint FLSA Collective Class.

Any member of the FLSA Collective Class who wishes to be included in the settlement must complete the Consent Form and deliver that Consent Form to Plaintiff's Counsel no later than thirty (30) days following the date of mailing of the Notice. Any member of the FLSA

8

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

Collective Class who submits a timely Consent Form shall be bound by this Agreement and every order or judgment entered in furtherance of this Agreement. Any member of the FLSA Collective Class who fails to submit a timely Consent Form shall not be bound by the release of FLSA claims described in Section II.C.

G.  Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

H.  Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.  Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2.  Certifying the FLSA Collective Class pursuant to 29 U.S.C. §216(b);

3.  Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

4.  Appointing Riley as Class Representative for the Settlement Classes;

5.  Appointing Hawks Quindel, S.C. as Class Counsel;

6.  Declaring the Settlement Agreement to be binding on Kirsan, Riley, the Collective Class, as well as all of the Rule 23 Class members who have not been excluded;

7.  Dismissing with prejudice the Rule 23 Class members' released Wisconsin claims;

8.  Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

        full accordance with the procedures set forth in this Settlement Agreement;

9. Dismissing with prejudice the Collective Class Members' released FLSA claims; and

10. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

I. Settlement Administration.

If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The Parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after one hundred and eighty days.

2. Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed return envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right file a consent to assert their FLSA claims, to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

    If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3. Payment schedule. Kirsan shall make payments pursuant to Section B within thirty days following the Court's Order granting final approval of the Settlement Agreement. The

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

       allocation of each payment is provided in Exhibit A. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members.

4. Reverter of Unclaimed FLSA Settlement Funds. Any portion of the FLSA Settlement Fund that is allocated to a putative FLSA Collective Class Member whose signed consent form is not postmarked or returned to Plaintiff's Counsel within 30 days of the date of the Notice shall revert to Defendant. Class Members who do not receive a pro rata portion of the FLSA Settlement Fund shall not be deemed to have waived their FLSA claims under the terms of this Agreement. Plaintiff's Counsel shall provide Defendant's Counsel an updated allocation within 5 days of the close of the Notice period.

5. Reverter of Unclaimed Rule 23 Settlement Funds. Any portion of the Rule 23 Settlement Fund that is allocated to a Rule 23 Class Member who excludes themselves pursuant to Section IV.E of this Agreement shall revert to Defendant. Class Members who exclude themselves, and therefore do not receive a pro rata portion of the Rule 23 Settlement Fund, shall not be deemed to have waived their Wisconsin law claims under the terms of this Agreement. Plaintiff's Counsel shall provide Defendant's Counsel an updated allocation within 5 days of the close of the Notice period.

6. Cy Pres. Any amount of the Settlement Funds attributable to a check that is undeliverable or is otherwise not tendered within two hundred and ten days after payment shall be paid to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 310, Oakland, CA 94612. Kirsan shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not tendered) seven days prior to payment and also provide a copy of the check when it is mailed to The Employee Rights Advocacy Institute.

## V. Breach

If Kirsan breaches this Agreement by failing to make the payment provided herein, Kirsan shall have fourteen days to cure such a breach. Failure to cure such a breach will result in the stipulated entry of judgment in the form substantially similar to Exhibit D in an amount of $96,492.00 less all settlement amounts paid to date. Plaintiff, the Collective Class, and/or the Rule 23 Class shall be entitled to recover from Kirsan its attorneys' fees and costs incurred resulting from any

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

breach of this Agreement. The Court shall retain jurisdiction over this matter for this sole purpose. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy. Further, Kirsan affirmatively states that it does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy.

**VII. Governing Law**

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

**VIII. Entire Agreement**

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Riley expressly acknowledges that she is not relying on advice from anyone from Kirsan, including Kirsan's principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

**IX. Severability**

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

**X. Counterparts**

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

2/21/2018

Dated

*Brooke Riley*
5405B062EF524CB

Brooke Riley on behalf of herself, the Rule 23 Class, and the Collective Class

DocuSign Envelope ID: A042D379-6A56-4E22-9202-F0406BF42C0C

$\dfrac{2/22/18}{\text{Dated}}$

Kirsan Engineering, Inc.

By: JERRY KING

Its: GENERAL MANAGER

13